| | |
|---|---|
| ROY. D. MORAGA,<br><br>    Plaintiff<br><br>v.<br><br>,JAMES C. MAHAN, et. al.,<br><br>    Defendants | Case No.: 3:20-cv-00210-RCJ-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1 |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## **I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

1   "[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some
2   particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)
3   (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the
4   benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

5   An inmate submitting an application to proceed IFP must also "submit a certificate from
6   the institution certifying the amount of funds currently held in the applicant's trust account at the
7   institution and the net deposits in the applicant's account for the six months prior to the date of
8   submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been
9   at the institution for less than six months, "the certificate must show the account's activity for
10  this shortened period." LSR 1-2.

11  If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount
12  of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an
13  initial partial filing fee that is calculated as 20 percent of the greater of the average monthly
14  deposits or the average monthly balance for the six-month period immediately preceding the
15  filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid,
16  the prisoner is required to make monthly payments equal to 20 percent of the preceding month's
17  income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody
18  of the prisoner will forward payments from the prisoner's account to the court clerk each time
19  the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

20  Plaintiff's certified account statement indicates that his average monthly balance for the
21  last six months was $.19, and his average monthly deposits were $4.98.

22  Plaintiff's application to proceed IFP should be granted. Given that Plaintiff currently has
23  a $0 account balance, Plaintiff should not be required to pay the initial partial filing fee;

however, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

### A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names Judge James C. Mahan, Debra K. Kemp (presumably referring to District of Nevada Clerk of Court Debra Kempi), and ex-forensic technician Linda Errichetto as defendants.

### 1. Judge Mahan and Debra Kempi

Plaintiff alleges that on January 22, 2019, Magistrate Judge Cam Ferenbach ordered Plaintiff to file an objection to a report and recommendation by February 5, 2019. On February 4, 2019, Plaintiff filed his objection. On February 5, 2019, Judge Mahan told the Clerk to enter and sign the judgment in favor of Linda Errichetto, Steve Wolfson, and against Plaintiff, because he did not respond to the report and recommendation. He asserts that this is fraud under Federal Rule of Civil Procedure 60. He further alleges that Debra Kempi committed fraud when she entered and signed the judgment when only a judge or magistrate has the authority to do so. He asserts that there was a conspiracy between Judge Mahan and Ms. Kempi to deprive him of his rights.

The court takes judicial notice of the docket in the case Plaintiff is referring to, 2:16-cv-00287-JCM-VCF. In that case, Plaintiff alleged, as he does in this case, that Linda Errichetto was head of the forensic laboratory in Las Vegas, and she testified at Plaintiff's trial that Plaintiff could not be excluded as a possible source of semen on a swab. Plaintiff was convicted of sexual assault and burglary and sentenced to life without in prison. He alleged that Steve Wolfson blocked his access to biological materials so that a DNA test could be performed to tell whether Plaintiff was innocent. (2:16-cv-00287-JCM-VCF, No. 10.)

On January 22, 2019, Magistrate Judge Ferenbach issued a report and recommendation that Plaintiff's first amended complaint be dismissed with prejudice. Plaintiff was advised that he had 14 days to file an objection to the report and recommendation, making the objection due by February 5, 2019. (2:16-cv-00287-JCM-VCF, ECF No. 12.) Plaintiff filed an objection to the report and recommendation on February 4, 2019. (2:16-cv-00287-JCM-VCF, ECF No. 13.)

On March 4, 2019, Judge Mahan entered an order which stated that Plaintiff did not object to the report and recommendation, and apparently overlooked the objection filed on February 4, 2019. In any event, the court went on to engage in a *de novo* review of the recommendation, and concluded that Plaintiff failed to allege a plausible civil rights claim. Therefore, Judge Mahan adopted and accepted Magistrate Judge Ferenbach's report and recommendation and ordered the case to be dismissed with prejudice and for the clerk to close the case accordingly. (2:16-cv-00287-JCM-VCF, ECF No. 14.)

On March 5, 2019, the Clerk entered judgment pursuant to Judge Mahan's decision, and the case was dismissed with prejudice. (2:16-cv-00287-JCM-VCF, ECF No. 15.)

Plaintiff then filed a motion for reconsideration of Judge Mahan's order on the report and recommendation. (2:16-cv-00287-JCM-VCF, ECF No. 16.)

He filed a notice of appeal of the order on July 30, 2019. (2:16-cv-00287-JCM-VCF, ECF No. 18.) The Ninth Circuit stayed proceedings pending Judge Mahan ruling on the motion for reconsideration. (2:16-cv-00287-JCM-VCF, ECF No. 22.) On October 10, 2019, Judge Mahan denied the motion for reconsideration. (2:16-cv-00287-JCM-VCF, ECF No. 23.) The order acknowledged that Plaintiff had timely filed an objection to the report and recommendation, and still concluded Plaintiff did not set forth a basis for reconsideration of the order. (*Id.*) The Ninth Circuit dismissed the appeal as frivolous. (2:16-cv-00287-JCM-VCF, ECF No. 28.)

Judges are entitled to absolute judicial immunity for acts performed in their official capacity, as Plaintiffs have alleged here. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (judicial immunity is "a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" "This absolute immunity insulates judges from charges of erroneous acts

or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, … or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'") (citations omitted); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) ("'The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.'").

Plaintiff's allegations as to Judge Mahan center around Judge Mahan's adoption of Judge Ferenbach's report and recommendation which overlooked that he had filed an objection. Apart from the fact that Judge Mahan still engaged in a *de novo* review of the report and recommendation, and that he acknowledged the objection and denied Plaintiff's motion for reconsideration, Judge Mahan is entitled to absolute judicial immunity and should be dismissed from this action.

Plaintiff alleges that Ms. Kempi improperly entered judgment against him when only a judge or magistrate judge has that authority. Federal Rule of Civil Procedure 58(b)(1) provides: Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign and enter the judgment when: …(C) the court denies all relief." Fed. R. Civ. P. 58(b)(1). Local Rule 77-1(b) further provides that "[t]he clerk must (1) Enter judgments on verdicts or decisions of the court in circumstances authorized by Fed. R. Civ. P. 58(b)(1)." LR 77-1(b)(1). Therefore, Ms. Kempi was authorized to enter judgment against Plaintiff after Judge Mahan entered the order dismissing Plaintiff's action with prejudice.

Moreover, clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *See Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1390 (9th Cir. 1987); *Morrison v. Jones*, 607

F.2d 1269, 1273 (9th Cir. 1979). Plaintiff seeks only damages against Ms. Kempi. (ECF No. 1-1 at 9.) Therefore, she should be dismissed from this action with prejudice as she is entitled to absolute quasi-judicial immunity in performing the act of entering judgment against Plaintiff.

**2. Ms. Errichetto**

Plaintiff brings Fourteenth Amendment procedural and substantive due process claims against Linda Errichetto under section 1983. He alleges that she testified at his trial in 1990 that Plaintiff could not be excluded as a possible source of semen on the swab. He then avers that she told his attorney in 2000 that she never tested the semen to exclude Plaintiff. He then states that this is fraud under Rule 60.

It appears Plaintiff is alleging that Ms. Errichetto testified falsely at his trial. To the extent he is asserting a fabricated evidence claim against Ms. Errichetto under section 1983, such a claim does not accrue until the criminal proceedings against Plaintiff have terminated in his favor. *McDonough v. Smith,* 139 S.Ct. 2149, 2155 (2019). Therefore, this claim should be dismissed without prejudice so that Plaintiff can raise it if and when his criminal proceedings terminate in his favor.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1); Plaintiff should not be required to pay the initial partial filing fee; however, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and

Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE** as to Judge Mahan and Debra Kempi (erroneously named by Plaintiff as Debra Kemp); and **WITHOUT PREJUDICE** as to Ms. Errichetto, but the action should be administratively closed.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 19, 2020

*William G. Cobb*
William G. Cobb
United States Magistrate Judge